UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2019 NOV -8 P 2: 28

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

FRED NEKOUEE, Individually,

    Plaintiff,

vs.

APPLE OF NORTH ALABAMA, INC., an Alabama Corporation,

    Defendant.

Case No.: 2:19-CV-864

## COMPLAINT
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, Apple of North Alabama, Inc., an Alabama Corporation (sometimes referred to as "Defendant"), for Injunctive Relief, as well as attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Fred Nekouee, is an individual who resides in Tampa, Florida, in the County of Hillsborough.

2. Defendant's property, Applebee's restaurant (Carter Hill Store #9), is located at 3001 Carter Hill Road, Montgomery, AL 36111, in the County of Montgomery.

3. Venue is properly located in the Middle District of Alabama because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5.      Plaintiff, Fred Nekouee, is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility. Mr. Nekouee travels to Montgomery, Alabama every three to six months to attend heavy equipment auctions, or to visit heavy equipment dealerships, where he compares prices to equipment available in other areas, and to evaluate whether to buy or sell heavy equipment.

6.      Fred Nekouee has visited the property and has had food and drink in the restaurant in June 2016, January 2018 and June 2018 which forms the basis of this lawsuit. Plaintiff plans to return to the property to avail himself of the goods and services offered to the public at the property since he likes the food in Applebee's and it is close to the heavy equipment auction, when traveling to and from Montgomery. He recently visited the subject property on October 24, 2019. He has definite plans to return to this area in March 17-21, 2020 to attend heavy equipment auctions.

7.      The Plaintiff has encountered architectural barriers at the subject property. The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability to park a vehicle, impaired his ability to access the property due to excessively steep slopes in parking spaces, access aisles, and ramps for the disabled, and have impaired his use of the restroom in the Applebee's restaurant.

8.      The Plaintiff's need to use a wheelchair limits his mobility when surfaces are not nearly flat. The Plaintiff cannot move up or down steep inclines in his wheelchair because he

lacks the strength and also risks tipping his wheelchair forwards or backwards. Excessively steep cross slopes causes the Plaintiff to be unstable in his wheelchair and such excessively steep slopes pose a risk of causing the Plaintiff to tip over sideways in his wheelchair.

9. On his visits to Applebee's, the Plaintiff encountered excessively steep running slopes in its parking lot, access aisles and walking surfaces (sidewalks). The Plaintiff encountered and observed barriers to access in the men's restroom in Applebee's; and so, he also tried to use the women's restroom, in which women's restroom he also encountered and observed barriers to access.

10. The Plaintiff is deterred from visiting this Applebee's restaurant (Carter Hill Store #9) even though he enjoys its food because of the difficulties he will experience there until the property is made accessible to him in a wheelchair.

11. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Applebee's restaurant (Carter Hill Store #9) is located at 3001 Carter Hill Road, Montgomery, AL 36111 in the County of Montgomery.

12. Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described in the allegations in paragraphs 17 through 79 of this Complaint. These violations either inhibit or prohibit the Plaintiff from safely and easily accessing the property. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

13. Fred Nekouee desires to visit the Defendant's Applebee's restaurant not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

14. The Defendant has discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

15. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

16. Preliminary inspections of the Applebee's have shown that violations exist. The violations that Fred Nekouee personally encountered or observed include, but are not limited to:

17. In the parking lot, there are no parking spaces for disabled patrons with van accessible signage which makes it difficult for a disabled person with van to find a parking space in violation of Federal Law 2010 ADAAG §§ 208.2.4 and 502.6.

18. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

19. The access aisle serving the accessible car space on the southwest side of the restaurant is 56 inches and less than the minimum required width of 60 inches (1525 mm) for regular accessible car space or 96 (2438 mm) inches for van accessible car space in violation of Federal Law 2010 ADAAG § 502.3.1 which makes it difficult for a disabled individual in a wheelchair to use the access aisle.

20. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

21. In the parking lot, the parking space for disabled patrons on the southwest side of the restaurant has excessive running slope, as high as 1:20.8 (4.8%), which is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 502.4. This makes it extremely difficult for an individual in wheelchair to climb the ramp and access the stores.

22. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

23. In the parking lot, the running slope of the access aisle serving the disabled parking spaces on the southwest side of the restaurant is 1:21.3 (4.7%), which exceeds the maximum allowed slope of 1:48 (2%) in violation of Federal Law 2010 ADAAG § 502.4. This makes it extremely difficult for an individual in wheelchair to stay stable and avoid rolling down on the access aisle.

24. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

25. In the parking lot, the cross slope of the access aisle serving the disabled parking spaces on the southwest side of the restaurant is 1:12.5 (8%), which exceeds the maximum allowed slope of 1:48 (2%) in violation of Federal Law 2010 ADAAG § 502.4. This makes it extremely difficult for an individual in wheelchair to stay stable on the access aisle.

26. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

27. The cross slope of the walking surface or sidewalk from the accessible parking spaces on the side of the restaurant towards the restaurant entrance is 1:13.5 (7.4%) and exceeds

5

the maximum allowed slope of 1:48 (2%) in violation of Federal Law 2010 ADAAG § 403.3. This makes it extremely difficult for an individual in wheelchair to keep stability while moving.

28. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

29. The running slope of the accessibility ramp on the southwest side of the restaurant is 1:7.2 (13.9%) which is dangerously greater than the maximum allowed slope of 1:12 (8%), in violation of Federal Law 2010 ADAAG § 405.2. This makes it difficult for an individual in wheelchair to climb the ramp and very dangerous when coming down.

30. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

31. The running slope of the accessibility ramp in front of the restaurant (on the northwest side of the property) entrance is 1:6.9 (14.4%) which is dangerously greater than the maximum allowed slope of 1:12 (8%), in violation of Federal Law 2010 ADAAG § 405.2. This makes it difficult for an individual in wheelchair to climb the ramp and very dangerous when coming down.

32. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

33. The slope of the accessibility curb ramp sides or flares on the southwest side of the restaurant are 1:4.6 (21.9 %) which is dangerously greater than the 1:10 (10%) permitted, in violation of Federal Law 2010 ADAAG § 406.3. The excessive flare slope does not accommodate maneuvering for an individual in wheelchair while climbing up or may cause hazardous overturn while going down the ramp.

34. The removal of the barrier to access alleged in the foregoing paragraph is readily

achievable.

35. The slope of the accessibility curb ramp sides or flares in front of the restaurant entrance door on the northwest side of the building are 1:3.3 (29.9 %) which is dangerously greater than the 1:10 (10%) permitted, in violation of Federal Law 2010 ADAAG § 406.3. The excessive flare slope does not accommodate maneuvering for an individual in wheelchair while climbing up or may cause hazardous overturn while going down the ramp.

36. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

37. The accessibility ramp on the side of the southwest side of the restaurant does not have proper landing at the top of the ramp with slope of less than 2%. The ramp slope is as high as 13.9%, which makes maneuvering to and from the ramp very difficult for an individual in a wheelchair in violation of the Federal Law 2010 ADAAG 405.7.

38. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

39. The slope of the surface within the restaurant entrance door on the northwest side of the restaurant required maneuvering space of 60 inches is 1:28.6 (3.5%) inches which exceeds the maximum allowed slope of 1:48 (2%) within the door maneuvering space making it very difficult for an individual in a wheelchair to open the door without sliding in violation of the Federal Law 2010 ADAAG § 404.2.4.4.

40. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

41. The force needed to open the Applebee's restaurant door is 8 pounds which exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force

necessary to fully open a door. The required force makes it difficult to open the door by a disabled individual in violation of Federal Law 2010 ADAAG § 404.2.9.

42. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

43. The counters throughout the facility in Applebee's restaurant are 42 inches high and exceeds the maximum allowed counter height of 36 inches, which makes it very difficult for an individual in wheelchair to access objects in violation of Federal Law 2010 ADAAG § 904.4.1.

44. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

45. The Applebee's men's restroom door pull side maneuvering clearance in a front approach beyond the latch and parallel to the doorway is 15 inches and less than the minimum required clearance of 18 inches which is the minimum clearance as required by Federal Law 2010 ADAAG Sections § 404.2.4. This makes it difficult for an individual in wheelchair to open the restroom door.

46. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

47. The side wall grab bar in Applebee's men's restroom only extends 48 inches from the rear wall and does not extend the minimum of 54 inches (1370 mm) minimum from the rear wall. This makes it difficult for an individual in a wheelchair to support himself while using the grab bar and sitting on the toilet and is in violation of Federal Law 2010 ADAAG § 604.5.1.

48. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

49. The restroom rear grab bar in Applebee's men's restroom is blocked by the flush

control and plumbing which does not allow a proper grip for an individual in a wheelchair while trying to sit on the toilet and is in violation of Federal Law 2010 ADAAG § 604.5.2. This made it difficult for Mr. Nekouee to use the rear grab bar and access the toilet.

50. The removal of this barrier to access alleged in the foregoing paragraph is readily achievable.

51. The top gripping surface of the grab bars in Applebee's men's restroom are at 38 inches above the finished floor and not within the range of 33 inches (840 mm) minimum and 36 inches (915 mm) maximum above the finish floor as required by Federal Law 2010 ADAAG § 609.4. The elevated grab bars make it difficult for an individual in a wheelchair to grab and support himself while sitting on the toilet.

52. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

53. The urinal rim in Applebee's men's restroom is 19 inches high above the finish floor in violation of federal law which states a maximum of 17 inches required for an individual in a wheelchair to use a urinal pursuant to ADAAG § 605.2.

54. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

55. The clear floor space of 30 by 48 inches for urinal use in Applebee's men's restroom that allows a forward approach by a person using a wheelchair is not provided (door comes into the 48 inch clearance), which makes it difficult for an individual in a wheelchair to use the urinal in violation of Federal Law 2010 ADAAG §§ 305.7 and 605.3.

56. The removal of this barrier to access is readily achievable.

57. The toilet paper dispenser in Applebee's men's restroom is outside the reach range

of an individual in a wheelchair, which dispenser centerline is 12 inches from the front of the water closet and not between 7 inches minimum and 9 inches maximum. This makes it difficult for an individual in wheelchair to use the toilet paper, and is in violation of Federal Law 2010 ADAAG § 604.7.

58. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

59. The paper towel dispenser outlet in Applebee's men's restroom is 50 inches above the floor, outside the reach range of an individual in wheelchair, minimum of 15 inches (380 mm) maximum of 48 inches (1220 mm), in violation of Federal Law 2010 ADAAG § 308.2.1.

60. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

61. In the Applebee's men's restroom, the door handle requires tight grasping, pinching, or twisting of the wrist and cannot be opened with a closed fist or loose grip in violation of Federal Law 2010 ADAAG § 309.4 and 404.2.7.

62. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

63. The accessible toilet compartment door in Applebee's men's restroom swings into the compartment area which is in violation of Federal Law 2010 ADAAG Section § 604.8.1.2, which does not provide enough clearance for an individual in a wheelchair to open and close the compartment door.

64. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

65. The accessible toilet compartment door pull in Applebee's men's restroom is not

provided on both sides of the door near the latch which makes it difficult for an individual in wheelchair to open and close the compartment door and is in violation of Federal Law 2010 ADAAG Section § 604.8.1.2.

66. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

67. The Applebee's women's restroom door pull side maneuvering clearance in a front approach perpendicular to the doorway is 56 inches and less than 60 inches which is the minimum clearance for an individual in a wheelchair to open the door and is in violation of Federal Law 2010 ADAAG Sections § 404.2.4.

68. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

69. The side wall grab bar in Applebee's women's restroom only extends 48 inches from the rear wall and does not extend the 54 inches (1370 mm) minimum from the rear wall. This makes it very difficult for an individual in a wheelchair to support himself while using the grab bar and sitting on the toilet and is in violation of Federal Law 2010 ADAAG § 604.5.1.

70. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

71. The restroom rear grab bar in Applebee's women's restroom is blocked by the flush control and plumbing which does not allow a proper grip for an individual in a wheelchair while sitting on toilet and in violation of Federal Law 2010 ADAAG § 604.5.2.

72. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

73. The toilet paper dispenser in Applebee's women's restroom is outside the reach

range of an individual in a wheelchair, which dispenser centerline is 16 inches from the front of the water closet and not between 7 inches minimum and 9 inches maximum. This makes it difficult for an individual in a wheelchair to use the toilet paper which is in violation of Federal Law 2010 ADAAG § 604.7.

74. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

75. The paper towel dispenser outlet in Applebee's women's restroom is 50 inches above the floor, outside the reach range of an individual in a wheelchair, minimum of 15 inches (380 mm) maximum of 48 inches (1220 mm), in violation of Federal Law 2010 ADAAG § 308.2.1.

76. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

77. The accessible toilet compartment door pull in Applebee's women's restroom is not provided on both sides of the door near the latch which is in violation of Federal Law 2010 ADAAG Section § 604.8.1.2.

78. The removal of the barrier to access alleged in the foregoing paragraph is readily achievable.

79. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff as set forth herein, in violation of 28 CFR §36.211.

80. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

81. The discriminatory violations described in paragraphs 17- 79 are not an exclusive

list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

82. Defendant has discriminated against the individual by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

83. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is

warranted.

84. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

85. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

86. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

87. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Applebee's restaurant (Carter Hill Store #9) to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA. The Order shall further require

the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: 10/25/19

Respectfully submitted,

_____
Patrick Lyle Doman, Esq. (#ASB-9530-Q41G)
285 South Foster Street
Dothan, AL  36301
Telephone: (334) 200-6032
Email: patrick.lyle.doman@gmail.com

Brandon A. Rotbart, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Email: rotbart@rotbartlaw.com
*Counsel for Plaintiff, Fred Nekouee*